# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-485V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ROSA ALLICOCK, *on behalf of her minor* \*
*child*, M.A.,                       \*      Special Master Corcoran
                                       \*

             Petitioner,      \*      Filed: January 31, 2017
                                       \*

       v.                    \*      Decision; Attorney's Fees and Costs;
                                     \*      U.S. Court of Federal Claims Appeal.
                                       \*

SECRETARY OF HEALTH AND      \*
HUMAN SERVICES,               \*
                                       \*

            Respondent.     \*
                                       \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Voris E. Johnson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### FINAL ATTORNEY'S FEES AND COSTS DECISION[1]

On May 12, 2015, Rosa Allicock filed a petition on behalf of her minor child, M.A., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] The Petition alleged that the vaccinations that M.A. received on May 14, 2012, and July 17, 2012, caused (or significantly aggravated) his global developmental delays. *See* Petition at 1 (ECF No.

---

[1] Although I have not designated this decision for publication, because it contains a reasoned explanation for my actions in this case, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1). Petitioner thereafter determined that she could not succeed on her claim, and I granted her request to dismiss the petition by decision dated November 23, 2015. ECF No. 19.

On March 15, 2016, Petitioner filed a motion requesting attorney's fees and costs in the amount of $19,881.35. ECF No. 24. Respondent opposed the request on March 30, 2016, arguing that the claim lacked reasonable basis, and that Petitioner's counsel had reasonable time to discover that prior to filing the case. Petitioner thereafter filed a reply in response to Respondent's objections and requested an additional fee, bringing the total request for attorney's fees and costs to $24,029.43. ECF No. 26-27. I determined that, due to the pending statute of limitations when counsel received the case, the claim had reasonable basis until the date Petitioner requested dismissal. However, I also noted that some of the hours that counsel spent on the case were not reasonable. Therefore, I issued a decision granting in part Petitioner's request for attorney's fees and costs, and awarded $20,411.28. ECF No. 28.

Respondent filed a motion for review of my decision on June 22, 2016. ECF No. 29. Judge Thomas C. Wheeler of the United States Court of Federal Claims denied the motion for review and affirmed my decision to award attorney's fees and costs on October 25, 2016. ECF No. 35. Respondent then filed an appeal of that decision with the United States Court of Appeals for the Federal Circuit on December 27, 2016 (ECF No. 39); however, both parties agreed to dismiss the appeal on January 26, 2017. ECF No. 40.

Petitioner has now filed a motion requesting final attorney's fees and costs related solely to the appeal, dated January 31, 2017. *See* ECF No. 41. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $4,866.56 (representing $4,583.00 in attorney's fees, plus $283.56 in costs). *Id*. at 1. In addition, and in compliance with General Order No. 9, Petitioner represents that she incurred no litigation-related expenses in conjunction with this proceeding. *Id*.

Respondent filed a brief in reaction the same day. ECF No. 42. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id*. at 1. Respondent added, however, that (as previously argued) Respondent still contends there was no reasonable basis for filing the petition in this matter and therefore does not believe the statutory requirements for an attorney's fees and costs award are met. *Id*. at 2. Respondent admitted that the Court of Federal Claims decided this issue against Respondent, and therefore Respondent requested that I utilize my discretion in determining a reasonable award for Petitioner's appeal-related attorney's fees and costs. *Id*. at 2-3.

Because I found that Petitioner's underlying claim lacked reasonable basis after a certain

2

point in time, I denied all fees incurred in this matter after that date. In other circumstances, I would similarly decline to award appeal-related fees for a case lacking reasonable basis (especially after that determination had been upheld, as here). However, in this case, the costs incurred by Petitioner on appeal were a function of Respondent's actions, not Petitioner's, and should thus be reimbursed. In addition, the hourly rate sought by Petitioner's counsel for that work is consistent with what I have awarded him in the past, *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669 (Fed. Cl. Spec. Mstr. Sept. 30, 2015), and the total hours worked also appear reasonable.

I therefore approve Petitioner's requested amount for appeal-related attorney's fees and costs as reasonable. Accordingly, an award of $4,866.56 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Andrew D. Downing, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.